**SEABOARD AIR LINE R. CO. v. SAVANNAH UNION STATION CO.**

**No. 12985.**

United States Court of Appeals
Fifth Circuit.

April 25, 1950.

James B. McDonough, Jr., Asst. Gen. Counsel, Seaboard AirLine R. Co., Norfolk, Va., G. W. Botts, Jacksonville, Fla., for appellant.

Charles Cook Howell, Wilmington, N. C., Henry L. Walker, Washington, D. C., for appellee.

Before HUTCHESON, Chief Judge, and WALLER and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

The appellant, referred to as the New Seaboard, is the purchaser of the properties and successor to the rights and operations of the Seaboard Air Line Railway Company, referred to as the Old Seaboard, by virtue of proceedings had in reorganization of the Old Seaboard in the United States District Courts for the Eastern District of Virginia and the Southern District of Florida. The operating agreement under which the Old Seaboard had used the trackage and terminals of appellee, referred to as the "station company" at Savannah, Georgia, was one of many of such agreements the New Seaboard acquired in accordance with the plan of reorganization and sale, as is in the decrees provided. By the decree the New Seaboard was allowed one year from July 31, 1946, or such additional time as the Courts might by order or decree permit, within which to reject any such operating agreements, and it was provided that no use of rights prior to the expiration of the time allowed should conclude the purchaser or, if rejection be chosen, be deemed as an assumption of such contracts or leases. The time allowed for rejection was extended by successive orders of the Court to January 31, 1949. The plan of reorganization and proceeding was approved by the Interstate Commerce Commission but that body in its order, as to the privilege of rejection, referred to a one year period without express reference to any extension by Court order.

On January 26, 1949, within the time allowed by the Court orders, the New Seaboard elected to reject the Savannah Union Station Company operating agreement and evidenced the rejection by an appropriate instrument filed in the Florida Court on January 25, 1949. The notice of rejection was served upon the appellee. The appellee replied that it did not concede or agree to the validity of the rejection of the operating agreement and insisted that it was binding upon the New Seaboard, and further, that any use by the New Seaboard "of the facilities of Savannah Union Station Company will be taken, held and considered as under, pursuant to and

in conformity with said agreement and not otherwise." The New Seaboard continued to use the property, and while it paid some of the amounts billed for such use, did not pay all. The Station Company thereupon instituted in the United States District Court for the Southern District of Georgia, at Savannah, a suit for declaratory relief and recovery of the balance due, computed in accordance with the terms of the operating agreement, for the months of January, February and March, 1949. The New Seaboard filed in the United States District Court of Florida a complaint alleged to be ancillary to the original reorganization proceeding seeking declaratory relief and that the Station Company and its attorneys be required to dismiss the Savannah action. The rejection of the agreement as authorized by the Florida Court and its contentions: that the Savannah action was violative of the injunctive provisions of its final decree; that the provision in the order of the Interstate Commerce Commission was not an intended amendment of the terms of the final decree nor a condition of approval; and that as the Station Company could not recover rentals from it except as approved by the Interstate Commerce Commission, which had not been done, both the Florida Court and the Savannah Court were without jurisdiction to enforce any liability for rental against the New Seaboard; were fully disclosed by allegations and exhibits of pertinent portions of the reorganization proceedings and the final decree. Among these exhibits was a copy of what we denominate "the Savannah action." A rule to show cause was issued and served, and the Station Company responded by motion to discharge the rule.

In its response the Station Company asserted: that it was not a claimant against the Old Seaboard, nor did it claim under it; that the matter in controversy in the Savannah Court was a new claim against the New Seaboard based upon its post-receivership action in adopting the operating agreement and involved only a money claim *in personam* against the New Seaboard for its own acts in utilizing the tracks and station facilities of the Station Company; and that the action was restricted to recovery of the amount due under a contract, express or implied. Other grounds were stated, but the points mainly relied upon now are, that the Savannah action is *in personam,* and that it does not in fact or law attack the validity of the decree of the Florida Court entered in the reorganization proceeding.

We concede, as contended by appellant, that some of the allegations of the complaint in the Savannah case can be construed as an attempt to assert as one ground for recovery (and at least for 26 days of January), that the one year provision for rejection, mentioned in the Interstate Commerce Commission order, controls and renders ineffective the right to reject allowed by the terms of the Florida Court's order. Also, to some extent, these allegations disregard the provisions of the Florida decree that the use of the facilities prior to the permitted rejection should not be deemed an adoption of the operating agreement. However, these contentions are made along with other asserted grounds for recovery which clearly do not involve any attack upon the validity and effect of the Florida decree. These are sought to be based upon transactions between the parties and the conduct of the New Seaboard in continuing operations over the trackage beyond the time of its announced rejection under authority of the Florida Court. Without determination of their merit, it is nevertheless clear that these contentions were not involved in the prior proceedings in reorganization of the Old Seaboard. The Savannah action sought recovery of rentals claimed to be due for a period of time subsequent to the announced rejection of the agreement. It is true that the rentals are computed upon the basis of the terms of the operating agreement. Regardless of whether the Station Company can successfully maintain its position in the Savannah Court, the attempt evidences a claim against the New Seaboard, *in personam,* arising from transactions which are clearly not within the terms of the Florida Court's decree. Our reference to the claims made in the Savannah action of course imply no intimation of their validity.

They are stated only to obviate the necessity of a detailed recital of the pleadings which the Florida Court had for consideration.

The Savannah proceeding asserted grounds for relief not dependent upon any challenge of the validity of any of the provisions of the final decree in reorganization. The trial Court gave no reasons for his order. We assume he considered the situation as we have stated it. Thus, he declined to direct the dismissal of the Savannah proceeding for this reason.

As to other questions which challenge some provision of his Court's decree, he could properly assume that if still insisted upon, the United States Court at Savannah would give all proper force and effect to the provisions of the Florida decree, wherever applicable in the Savannah litigation.

The order appealed from does not evidence an abuse of discretion. The judgment of the trial Court is

Affirmed.